**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**JOSEPH SELF AND MALINDA SELF,**                                    **PLAINTIFFS**
**on behalf of themselves and all others**
**similarly situated**

**v.**                                    **Case No. 4:24-cv-00142-LPR**

**CADENCE BANK**                                                          **DEFENDANT**

## FINAL APPROVAL ORDER

WHEREAS, Plaintiffs, Joseph and Malinda Self, and Defendant, Cadence Bank, entered

into the Class Action Settlement Agreement ("Settlement");

WHEREAS, this Court previously entered the Preliminary Approval Order, which

certified, for settlement and notice purposes only, the following class (the "Class"):

> All current and former holders of Cadence Bank checking Accounts who, between
> January 11, 2019 through November 15, 2023 (the "Class Period"), were assessed
> at least one overdraft fee that Defendant charged on a Point-of-Sale debit card
> transaction that the customer initiated with a positive balance but settled into a
> negative balance during the Class Period, and which overdraft fee was not
> subsequently refunded (an "APSN Fee").

Excluded from the Settlement Class are: (i) Defendant, its parent, subsidiaries, affiliated

entities, and directors; (ii) all Settlement Class members who make a timely election to be

excluded; (iii) current and former holders of Cadence Bank checking accounts who are or were

represented separately by other counsel and have entered into separate individual settlement

agreements prior to the Opt-Out Deadline related at least in part to APSN fees assessed during the

Class Period; and (iv) all judges assigned to this litigation and their immediate family members.

WHEREAS, no requests for exclusion were submitted;

WHEREAS, the Preliminary Approval Order also approved the forms of notice of the Settlement to the members of the Settlement Class, directing that appropriate notice of the Settlement be given to the Settlement Class, and scheduling a hearing on final approval;

WHEREAS, in accordance with the Settlement and the Preliminary Approval Order: (1) the Settlement Administrator caused the Notice to be emailed and/or mailed by United States First Class Mail to all known members of the Class; and the affidavit of notice filed with this Court by Class Counsel demonstrates compliance with the Preliminary Approval Order with respect to notice and, further, that the best notice practicable under the circumstances was, in fact, given;

WHEREAS, on May 9, 2025, this Court held a hearing on whether the Settlement is fair, reasonable, adequate, and in the best interests of the Class (the "Final Approval Hearing"); and

WHEREAS, based upon the foregoing, having heard the statements of Class Counsel and Counsel for Defendant, and of such persons as chose to appear at the Final Approval Hearing; having considered all of the files, records and proceedings in the above-captioned lawsuit, the benefits to the Class Members under the Settlement and the risks, complexity, expense, and probable duration of further litigation;

**THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1.    Terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement.

2.    This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over the Class Representatives and Defendant in this case (the "Parties").

3.    The Court hereby adopts and reaffirms the findings and conclusions set forth in the Preliminary Approval Order.

4.      The Class Representatives and Class Counsel fairly and adequately represent the interests of the Class in connection with the Settlement.

5.      The Settlement is the product of good faith, arm's-length negotiations by the Class Representatives and Class Counsel, and Defendant and Defendant's Counsel, and the Class and Defendant were represented by capable and experienced counsel.

6.      The form, content, and method of dissemination of the notice given to members of the Settlement Class—individuals emailed or mailed notice—were adequate and reasonable, constituted the best notice practicable under the circumstances, and satisfied the requirements of the applicable rules and Due Process.

7.      The Settlement is fair, reasonable, adequate, and in the best interests of the Class and is approved in all respects.  The Court hereby directs the Class Representatives, the Class, Class Counsel, Defendant, and Defendant's Counsel to effectuate the Settlement according to its terms.

8.      The Settlement provides for certain benefits to Class Members.  The Court approves those benefits and approves the distribution plan for the Settlement Fund set forth in the Settlement, and the method and recipients for receipt of any *cy pres* payments, and the parties are authorized to implement distribution of the Settlement Fund after deductions for fees, expenses, and service awards as approved by the Court.  The Court shall have continuing and exclusive jurisdiction over the Settlement Fund.

9.      Upon the occurrence of the Effective Date of the Settlement, Plaintiffs and all Settlement Class Members (collectively, "Releasors"), and each of their respective executors, representatives, heirs, successors, bankruptcy trustees, guardians, wards, agents and assigns, and all those who claim through them or who assert claims on their behalf, shall automatically be

deemed to have fully and irrevocably released and forever discharged Cadence Bank and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors and assigns, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, predecessors, successors, and assigns of each of them (collectively, "Releasees"), of and from any claim, right, demand, charge, complaint, action, cause of action, obligation, arbitration or liability for any type of relief and statutory or punitive damages predicated on any claim and for actual or statutory damages, punitive damages, restitution or other monetary relief of any and every kind, including, without limitation, those based on any federal, state, or local law, statute, regulation, or common law, including all claims for declaratory or injunctive relief, whether known or unknown, suspected or unsuspected, under the law of any jurisdiction, which the Plaintiffs or any Settlement Class Member ever had, now has or may have in the future resulting from, arising out of or in any way, directly or indirectly, relating to: (a) any claims that were or could have been alleged in the Complaint relating to APSN Fees; or (b) any conduct prior to the date of final settlement approval that was or could have been alleged in the Complaint relating to APSN Fees.  For the avoidance of doubt, the Released Claims include, and each Releasor expressly waives and fully, finally and forever settles, any claims they may have against Releasees or any of them under the Arkansas Deceptive Trade Practices Act and similar state laws, which claims are included in and expressly incorporated into this Paragraph.

10.    Furthermore, Plaintiffs and all Settlement Class Members waive and release any and all provisions, rights, and benefits conferred either: (i) by section 1542 of the California Civil Code; or (ii) by any law of any state or territory of the United States, or principle of common law,

which is similar, comparable, or equivalent to section 1542 of the California Civil Code, with respect to the released claims. Section 1542 of the California Civil Code reads:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

11.     The above-captioned lawsuit is hereby dismissed with prejudice and without assessment of costs or attorneys' fees against any party except as provided in the Settlement and Court Order.

12.     This Order is a final judgment because it disposes of all claims against all parties to this lawsuit. The Court retains continuing and exclusive jurisdiction over the Settlement, the parties to the Settlement, including but not limited to the Class Members, and all matters relating to the administration, supervision and enforcement of the Settlement Agreement.

13.     The Court has also considered Plaintiffs' Motion for Attorneys' Fees, Litigation Expenses, and Service Awards, as well as the supporting memorandum of law and declarations, and adjudges that (i) the payment of attorneys' fees in the amount of one-third of the Settlement Fund, or $1,500,000, and (ii) the reimbursement of out-of-pocket litigation expenses in the amount of $27,766.64 are reasonable under Rule 23 and applicable caselaw. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

14.     The Court further finds that the requested service awards to each of the two (2) Class Representatives are fair and reasonable. As such, the Court approves a service award to each Class Representative in the amount of $5,000, to be paid from the Settlement Fund in the manner and at the times set forth in the Settlement Agreement.

15.     The Court has also considered the request for payment to the Settlement Administrator for notice and administration fees and expenses in the amount of $129,260 and approves reimbursement of these costs as reasonable under Rule 23 and applicable caselaw.

16.     Additionally, the Court has considered the request for reimbursement of expenses and fees paid by Cadence Bank to Ankura Consulting Group, LLC ("Ankura") in the amount of $325,000 for Ankura's work in completing the calculations of the amounts Settlement Class Members paid in APSN Fees during the Class Period, as alleged by Plaintiffs, and compiling and updating the Class List and approves reimbursement of these costs as reasonable under Rule 23 and applicable caselaw.

IT IS SO ORDERED this 13th day of June 2025.

_____

LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

<u>LIST OF EXCLUSIONS</u>

No timely exclusions were filed.